**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| JEROME D. AMOS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 17-cv-1707 (KBJ) |
| ANDREW SAUL, *Commissioner of Social Security*, | ) ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION ADOPTING
## REPORT & RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Jerome Amos applied to the Commissioner of Social Security, Defendant Andrew Saul ("Commissioner" or "Defendant"), for disability insurance benefits in 2013, claiming that he was disabled due to post-traumatic stress disorder ("PTSD"), migraine headaches, bilateral hearing loss, sleep apnea, and upper and lower back pain. (*See* Admin. R., ECF No. 4-3, at 2.)[1] In May of 2016, an Administrative Law Judge ("ALJ") held a hearing on Amos's application (*see* Admin. R., ECF No. 4-2, at 41), and determined that Amos was not disabled under the Social Security Act (*see id.* at 35). Amos requested review by the Appeals Council (*see* Admin. R., ECF No. 4-4, at 73–74), and the Appeals Council denied his request, making the ALJ's decision the agency's final decision (*see* Admin. R., ECF No. 4-2, at 2). Amos filed the instant lawsuit on August 22, 2017, requesting that this Court reverse the ALJ's denial decision

---

[1] Page-number citations to the documents that the parties have filed refer to the page numbers that the Court's electronic filing system automatically assigns.

and award Amos disability insurance benefits, or, in the alternative, remand the case to the Commissioner for a new administrative hearing. (*See* Compl., ECF No. 1, at 2.)

On August 25, 2017, this Court referred this matter to a magistrate judge for full case management. (*See* Min. Order of Aug. 25, 2017.) On July 13, 2018, Amos filed a motion asking the Court either to reverse the Commissioner's decision or to remand this matter back to the agency for a new hearing, arguing that the ALJ's decision is not supported by substantial evidence and that the decision is erroneous as a matter of law. (*See* Pl.'s Mem. in Support of Pl.'s Mot. for J. of Reversal, ECF No. 7-1, at 1.) Subsequently, on August 27, 2018, Defendant filed a motion for judgment of affirmance of the ALJ's decision, arguing that "the ALJ applied the correct law and relied on substantial evidence to find that Plaintiff did not meet the [Social Security] Act's definition of disability when the record shows that Plaintiff traveled extensively and maintained independence." (Def.'s Mem. in Supp. of Mot. for J. of Affirmance & in Opp'n to Pl.'s Mot. for J. of Reversal, ECF No. 8, at 4.)

Before this Court at present is the Report and Recommendation that the assigned Magistrate Judge, G. Michael Harvey, has filed regarding Amos's motion for reversal and Defendant's motion for affirmance. (*See* R. & R., ECF No. 14.)[2] The Report and Recommendation reflects Magistrate Judge Harvey's opinion that Amos's motion for reversal should be granted; Defendant's motion for affirmance should be denied; and the case should be remanded to the Commissioner for additional proceedings. (*See id.* at 24.) Specifically, Magistrate Judge Harvey finds that the ALJ's findings regarding Amos's residual functional capacity were not supported by substantial evidence,

---

[2] The Report and Recommendation, which is 25 pages long, is attached hereto as Appendix A.

2

because the ALJ failed to address the Department of Veterans Affairs' Rating Decision ("VA Rating Decision") when assessing Amos's physical and mental ability to perform work. (*See id.* at 15.) Magistrate Judge Harvey further finds that the VA Rating Decision constitutes material evidence regarding Plaintiff's PTSD (*see id.*), and that Social Security Ruling 06-03p required the ALJ to afford the VA Rating Decision some weight (*see id.* at 16; *see also id.* & n.6 (explaining that Social Security Ruling 06-03p governs Amos's claim, because it was filed before March 27, 2017)). Finally, Magistrate Judge Harvey determines that there is no merit to Amos's contentions that the ALJ either improperly assessed his migraine headaches or failed to consider properly Amos's wife's testimony. (*See id.* at 15.)

In addition to articulating these conclusions, Magistrate Judge Harvey's Report and Recommendation also advises the parties that either party may file written objections to the Report and Recommendation, which must include the portions of the findings and recommendations to which each objection is made and the basis for each such objection. (*See id.* at 24.) The Report and Recommendation further advises the parties that failure to file timely objections may result in waiver of further review of the matters addressed in the Report and Recommendation. (*See id.* at 24–25.) Under this Court's local rules, any party who objects to a Report and Recommendation must file a written objection with the Clerk of the Court within 14 days of the party's receipt of the Report and Recommendation. *See* LCvR 72.3(b). The due date for objections has passed, and neither party has filed objections.

This Court has reviewed Magistrate Judge Harvey's report and agrees with its careful and thorough analysis and conclusions. Therefore, the Court will **ADOPT** the

Report and Recommendation in its entirety. Accordingly, Plaintiff's Motion for Reversal will be **GRANTED**; Defendant's Motion for Affirmance will be **DENIED**; and this matter will be **REMANDED** to the Commissioner for rehearing.

A separate Order accompanies this Memorandum Opinion.


DATE:  July 31, 2019

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge